IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENESIS SANTIAGO,

    Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

No. CIV S-09-0795 EFB

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") under Title II and XVI of the Social Security Act. For the reasons discussed below, the court remands the case for further proceedings consistent with this opinion.

I. BACKGROUND

Plaintiff filed an application for DIB in August 2002, alleging disability since September 29, 2001. Administrative Record ("AR") 97. A hearing was held on June 12, 2003 before Administrative Law Judge ("ALJ") James N. Baker. In a decision dated September 25, 2003,

////

////

////

1

the ALJ determined plaintiff was not disabled.[1] The Appeals Council denied plaintiff's request for review. On appeal, the district court remanded the case for further proceedings. *Id.* at 590-602. After a supplemental hearing, ALJ Howard K. Treblin issued a decision in which he found that plaintiff was not disabled. *Id.* at 518-28.

ALJ Treblin made the following specific findings:

> 1. The claimant met the insured status requirements of the Social Security Act through March 31, 2007.
>
> 2. The claimant has not engaged in substantial gainful activity since September 29, 2001, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3. The claimant has the following severe impairments: status post right knee surgery, arthritis of the right knee, and disseminated coccidioidomycosis (cocci) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the exertional and nonexertional requirements of work,[2] except: he can lift and carry up to twenty pounds occasionally and ten pounds frequently; he can stand/ walk two hours in an eight-hour workday; he can sit six to eight hours in an eight-hour workday; he cannot push or pull with the right leg; he cannot climb, kneel, crouch or crawl; he must be able to use a cane in the right hand; he is able to stoop and balance; he should avoid vibrations; he should avoid unprotected heights and dangerous moving machinery.

6. The claimant is unable to perform any past relevant work  (20 CFR 404.1565 and 416.965).

7. The claimant was born on November 3, 1961 and is 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English.  (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (see SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.  (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

---

[2] Although the ALJ did not specify what level of work plaintiff was capable of performing in this paragraph, he later writes that plaintiff did not have the capacity to perform the full range of sedentary work.

3

1  |  11. The claimant has not been under a disability, as defined in the Social Security Act, from September 29, 2001 through the date of this decision. (20 CFR 404.1520(g) and 416.920(g)).
2  |

3 AR 518-28.

4 Plaintiff requested that the Appeals Council review the ALJ's decision. The Appeals

5 Council denied review, leaving the ALJ's decision as the final decision of the Commissioner of

6 Social Security. *Id.* at 498.

7 Plaintiff contends that the Commissioner failed to ask the vocational expert if his

8 testimony was consistent with the Dictionary of Occupational Titles (DOT) and erred in relying

9 on vocational expert testimony that was inconsistent with the DOT. Dckt. No. 17 at 4.[3]

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

////

---

[3] Plaintiff also argues that the Commissioner failed to articulate any reasons for not crediting Dr. Temple's opinion that plaintiff could only stand and walk for less than two hours a day (as opposed to being able to stand and walk for two hours per day) and failed to articulate any reasons for not crediting the consultative opinions of Dr. Jaojoco and Dr. Miller. As the case must be remanded for further proceedings on other grounds, the court does not address this argument.

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. ANALYSIS

The ALJ erred in relying on vocational expert ("VE") testimony that was inconsistent with the DOT and by failing to explain or justify this reliance. The case must therefore be remanded for further proceedings consistent with this opinion. The ALJ's findings state:

> The claimant's ability to perform all or substantially all of the requirements of [sedentary] work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as assembly worker, with 10,000 jobs in California; semiconductor workers, with 6,000 jobs after erosion for the claimant's limitations; and sewing operator, with 22,000 jobs.
>
> Pursuant to SSR 00-4P, the vocational expert's testimony is consistent with the information contained in the *Dictionary of Occupational Titles*.
>
> Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been capable of making an adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

AR 527-28.

The VE testified at the supplemental hearing that plaintiff could perform the following work: "unskilled work at sedentary which would be assembly, . . . sedentary, SVP 2, 10,000 positions. There are semi-conductor workers, . . . eroded to 6,000 because of the sitting

5

requirements. Sewing operators, . . . 22,000." *Id.* at 757-58.

Plaintiff argues that the VE's testimony is at odds with the DOT, which classifies the jobs of semi-conductor worker and sewing machine operator as "light" exertional jobs rather than sedentary. *See id.* at 509-10. The difference between "light" and "sedentary" jobs is critical, as explained in Social Security Ruling 83-10, 1983 WL 31251 (S.S.A. 1983):

> . . .The regulations define sedentary work as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met . . . .
>
> . . . periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday . . . .
>
> . . . The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing--the primary difference between sedentary and most light jobs . . . . Relatively few unskilled light jobs are performed in a seated position.
>
> . . . Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time.

The ALJ found that plaintiff was limited to standing/walking for only two hours in an eight-hour workday. *See* AR 521. Thus, at best plaintiff could perform "sedentary," but not "light" work. However, the VE testified that plaintiff could perform several jobs that are classified by the DOT as "light." The ALJ failed to ask the VE whether his testimony was in conflict with the DOT, but merely wrote in his opinion that the testimony was consistent with the DOT. *See* AR 528.

Defendant concedes that the ALJ was "required to ask a vocational expert whether his testimony is in conflict with the DOT and, if so, to resolve any conflict," and that "[t]he ALJ did not expressly ask the vocational expert this question." Dckt. No. 20 at 9. But defendant

contends that the ALJ's error was harmless, as "the assembly jobs the ALJ relied upon are classified by the DOT as sedentary. Thus, even if the ALJ erred in regard to the other two jobs, the ALJ still relied upon a significant number of jobs and any error is harmless." *Id.*

It is true that an ALJ's failure to ask a vocational expert whether testimony conflicted with the DOT is harmless error where there is no conflict or if the expert provided "sufficient support for her conclusion." *Massachi v. Astrue*, 486 F.3d 1149, 1153-54 & n. 19 (9th Cir. 2007). But that is not the case here. As explained above, despite the ALJ's findings that plaintiff could only stand/walk for two hours a day, the vocational expert testified that plaintiff could perform two occupations that are defined by the DOT as requiring up to six hours of standing/walking a day.[4] The VE provided no additional explanation or support for his conclusion. Neither did the ALJ supply any.

Thus, the question remains whether the other assembly jobs, which plaintiff does not argue are not properly classified as "sedentary," exist in significant numbers in the economy so that the ALJ's error (in finding that plaintiff could perform work classified by the DOT as "light") would be harmless. A claimant is not disabled if, considering her age, education, and work experience, she can engage in any other kinds of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the immediate area in which she lives. *See Barker v. Secretary of Health and Human Serv.*, 882 F.2d 1474, 1478 (9th Cir.1989). Whether there are a significant number of jobs "is a question of fact to be determined by a judicial officer." *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir. 1986). The Ninth Circuit has not determined what number of jobs meet the "significant number" requirement. *Barker*, 882 F.2d at 1478-79 (finding that the regulations discuss numbers of jobs, not percentage).

---

[4] The VE noted, in passing, an erosion of the semiconductor jobs based on plaintiff's sitting requirements. However, neither the VE nor the ALJ explained why the semiconductor jobs, but not the sewing operator jobs, were eroded.

7

1 The VE testified that there were 10,000 assembly jobs. AR 757. The ALJ wrote that the VE testified that there were 10,000 jobs in California. *Id.* at 527. Plaintiff argues that the VE failed to specify whether this number was a local, regional, or nationwide number. Dckt. No. 17 at 21-22. Defendant does not deny that the VE failed to explain in what region the 10,000 jobs exist.. Dckt. No. 7-8. It is not clear from the record whether 10,000 assembly jobs exist locally, statewide, or nationally. Regardless, determining whether there are a significant number of jobs that plaintiff can perform is a question of fact and its resolution must be made by findings supported by substantial evidence.

As the ALJ erred in accepting the VE's testimony despite its conflict with the DOT, and it is far from clear that the error is harmless, the case is remanded for further proceedings consistent with this opinion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The case is remanded for further proceedings in accordance with this opinion; and

4. The Clerk is directed to enter judgment for plaintiff.

DATED: September 7, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE